NOT DESIGNATED FOR PUBLICATION

No. 122,955

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN J. HAWK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 29, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: In July 2019, Steven J. Hawk was found in possession of illegal drugs. He entered into a plea agreement with the State under which he pled guilty to possession of methamphetamine, a severity level 5 drug felony. Because Hawk had at least three prior felony convictions for drug possession, his presumptive sentence under K.S.A. 2019 Supp. 21-6805(f) was a term of incarceration. But the district court departed by placing Hawk on probation for 12 months with an underlying sentence of 22 months' imprisonment and 12 months of postrelease supervision.

Hawk violated the terms of his probation in December 2019. As a result, he received a three-day jail sanction. Hawk stipulated to an additional violation in January 2020. After this second violation, the district court revoked Hawk's probation and

1

imposed his original prison sentence based on K.S.A. 2019 Supp. 22-3716(c)(7)(B), the dispositional departure exception.

Hawk appeals the district court's decision to revoke his probation and impose his underlying sentence. We granted Hawk's motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). On appeal, Hawk contends the district court abused its discretion by sending him to prison because his drug addiction issues would have been better served outside of prison while continuing to serve a probation sentence.

After evidence of a probation violation is presented, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. We review such a decision for any abuse of that discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if its action is arbitrary, fanciful, or unreasonable; or if it is based on an error of law or fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Hawk has the burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Hawk does not argue that the district court's decision was based on an error of law or fact. Instead, he simply argues that the district court's decision was unreasonable. To be found unreasonable, the district court's decision must be found to have been "so far afield that no other district court reasonably would have done the same in these circumstances." *State v. Ridge*, No. 122,408, 2020 WL 5268257, at *2 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* September 22, 2020.

The district court was permitted to revoke Hawk's probation for any violation of his probation under K.S.A. 2019 Supp. 22-3716(c)(7)(B) because Hawk was granted a dispositional departure from a presumptive prison sentence. But the district court

2

provided Hawk an additional chance to prove that he was amenable to probation when it granted him a three-day jail sanction in lieu of revoking his probation after his first probation violation. Hawk again violated the conditions of his probation just one month later. Although Hawk raises his drug addiction as a reason for showing more leniency, he does not establish that the district court's decision was unreasonable. We have so held in any number of cases. For example, see *Ridge*, 2020 WL 5268257, at *2; *State v. Bergman*, No. 120,423, 2020 WL 1074718, at *2 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. ___ (September 30, 2020); *State v. Zwickl*, No. 115,959, 2017 WL 2709799, at *3 (Kan. App. 2017) (unpublished opinion). We find no abuse of discretion here.

Affirmed.